IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00240-BNB

BRYAN L. TRAVIS,

    Plaintiff,

v.

MICHAEL MURPHY,
MONROE McKAY,
JOHN PORIFINO, and
NEAL GORSUCH, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Bryan L. Travis, currently resides in Salt Lake City, Utah. Mr. Travis initiated this action by filing a *pro se* Complaint. On August 27, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Travis to file an Amended Complaint on the proper form. Mr. Travis submitted an Amended Complaint on March 1, 2010. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Amended Complaint liberally because Mr. Travis is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Travis has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B)(i) of § 1915 requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

Mr. Travis asserts jurisdiction pursuant to 18 U.S.C. §§ 241 and 242 and 42 U.S.C. § 1983. In general, Mr. Travis complains of legal rulings made against him by Circuit Judges Michael Murphy, Monroe McKay, John Porfilio,[1] and Neil Gorsuch in two civil cases, identified as "Case Nos. 07-4192 and 08-4115." Amended Complaint at 8. In Court of Appeals Case. No. 07-4192, found at *Travis v. Park City Police Dep't.*, 277 Fed. Appx. 829 (10th Cir. May 14, 2008) (unpublished decision), Mr. Travis appealed from a Utah district court judgment, alleging that his First Amendment rights were violated when he and his artwork were ejected from a park by a police officer in Park City, Utah. The case was before Defendant Judges Gorsuch, McKay and Murphy. The Tenth Circuit Court of Appeals affirmed the district court, holding that Mr. Travis lacked standing to pursue a First Amendment challenge to the city ordinance at issue, and that he failed to allege any facts that would support a finding of municipal liability

---

[1] Identified by Mr. Travis as "John Porifino."

under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). *See Travis*, 277 Fed. Appx. at 832-33.

Likewise, in Court of Appeals Case No. 08-4115, found at *Travis v. Park City Mun. Corp*, 565 F.3d 1252 (10th Cir. 2009), Mr. Travis appealed from a dismissed suit against Park City, Utah, alleging that the city's refusal to allow him to sell and display artwork in a public park without complying with relevant city ordinances was in violation of his First, Fourth, Fifth and Fourteenth Amendment rights. The case was before Defendant Judges Murphy, McKay and Porfilio. The circuit court affirmed the district court, holding that the city ordinances at issue were not unconstitutional. *See Travis*, 565 F.3d at 1257-58.

Mr. Travis now brings five claims for relief alleging, *inter alia*, that the Defendant Judges committed fraud, "judicial malpractice," betrayal of the public trust, and "high crimes." Amended Complaint at 11-31. Mr. Travis alleges that his constitutional rights have been violated but does not assert any particularized injury other than the fact that the Defendant Judges have dismissed his appeals. *See id.* He seeks damages in addition to injunctive and declaratory relief.

First, Mr. Travis may not invoke the authority of a United States attorney under 28 U.S.C. § 547 to prosecute offenses against the United States or initiate federal criminal prosecutions pursuant to 18 U.S.C. §§ 241 and 242. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and

3

has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Travis lacks standing to maintain a criminal action.

Second, Defendant Judges Murphy, McKay, Porfilio and Gorsuch are absolutely immune from liability in civil rights suits when they are acting in their judicial capacity unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judges' involvement in Mr. Travis' civil cases are actions taken in their judicial capacities, and they were not acting in the clear absence of all jurisdiction. Although Mr. Travis would have the Court believe that the Defendant Judges committed numerous crimes and engaged in various conspiracies, his allegations are vague, bare, and conclusory. Therefore, the claims Mr. Travis asserts against Judges Murphy, McKay, Porfilio and Gorsuch are barred by absolute judicial immunity. Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this  11th  day of   March  , 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00240-BNB

Bryan L. Travis
P.O. Box 511503
Salt Lake City, UT 84151

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **3/12/10**

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk